ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 AUG 22 P 4: 09
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| LATISHA FARROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 311-053 |
| ) | |
| CCA WHEELER CORRECTIONAL ) | |
| FACILITY, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned employment discrimination case. As Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii). Accordingly, the Court will now review Plaintiff's complaint in conformity with the IFP statute.

I. **BACKGROUND**

Liberally construing Plaintiff's complaint, the Court finds the following. Plaintiff has

named CCA Wheeler Correctional Facility as the sole Defendant in this case.[1] (Doc. no. 1, p. 1.) Plaintiff states that she worked for Defendant from November 13, 2007 to March 30, 2009. (Id. at 3-4.) In her first claim, Plaintiff alleges that on March 20, 2009, she filed a grievance for harassment against Warden Rozier, a supervisor, although she does not provide further details as to this claim. (Id. at 3.)

Plaintiff also claims that she suffered ongoing harassment by the inmates of "the whole 400 Unit" of the prison. (Id. at 3-4.) Specifically, Plaintiff alleges that during every shift, the inmates were "very disrespectful" and would expose themselves to her. (Id. at 4.) Plaintiff contends that she was the only female working in the 400 Unit on her shift, and that she "had to deal with [the harassment] every day." (Id.) Plaintiff alleges that after having particular difficulties with such harassment on March 22, 2009, she requested assistance from "Captain Lee," who she says refused to help her. (Id.) Plaintiff then went to Captain Lee and told her that she was leaving her shift and that Plaintiff would speak with Warden Kemp about the incident in the morning. (Id.) Warden Kemp cautioned Plaintiff not to leave her shift again, but took no further action at that time. (Id.) However, Plaintiff alleges that she was terminated from her employment several days later, on March 30, 2009. (Id.)

Finally, Plaintiff alleges that she was involved in an altercation outside of the workplace with another coworker, Correctional Officer Felicia Gorham, who injured Plaintiff. (Id.) Plaintiff reported this incident to Warden Rozier, and although he told her that he would "take care of it," she says that he did nothing. (Id.) Although it is unclear when the altercation

---

[1] CCA stands for Corrections Corporation of America, which operates Wheeler Correctional Facility.

and report took place, they both appear to have occurred before Plaintiff was terminated. Plaintiff argues that while Defendant stated that its reason for terminating her was because she had left her shift early, she suggests that the real reason she was terminated was for complaining of Warden Rozier's harassment, the inmates' sexual harassment, the incident with her coworker, or some combination of these three reasons. (Id.)

Plaintiff first submitted her claims to the Equal Employment Opportunity Commission ("EEOC"), which was unable to conclude that the information Plaintiff submitted established a violation of the statutes. (Doc. no. 1-1.) After receiving her EEOC "right to sue" letter, Plaintiff then timely filed the above-captioned case.

## II. DISCUSSION

### A. Claims under the Americans with Disabilities Act and Age Discrimination in Employment Act

Plaintiff brought the instant action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA").[2] (Doc. no. 1, p. 2.) However, nowhere in Plaintiff's complaint does she allege discrimination based on her age. And while Plaintiff twice indicates that she was "under doctor care" during the relevant time period (doc. no. 1, p. 4), nowhere does she provide an indication that she suffered from a disability. Furthermore, because Plaintiff's complaint indicates that Defendant's conduct was only discriminatory with respect to her sex (id. at 3), the Court construes her complaint as an action under Title VII,

---

[2]Plaintiff checked off a series of boxes in her complaint, indicating that she was bringing her action pursuant to each of these Acts.

3

which prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). Thus, any purported claims under the ADA and ADEA should be **DISMISSED**. Accordingly, the Court turns to Plaintiff's claims under Title VII for discrimination on the basis of sex.

### A. Retaliation Claim Concerning Warden Rozier

Plaintiff has attempted to state a Title VII claim for retaliation in her allegation that she was terminated shortly after filing a grievance against Warden Rozier for harassment. However, Plaintiff has failed to state a claim for retaliation under Title VII for this conduct. "To establish prima facie case of retaliation under Title VII, 'the plaintiff must show: (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two events.'" Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007) (quoting Meeks v. Computer Assocs. Int'l, 15 F.3d 1013, 1021 (11th Cir. 1994)). "Statutorily protected expression" refers to an expression in opposition to some practice that is unlawful under Title VII, such as an internal complaint of racial discrimination or sexual harassment. See 42 U.S.C. § 2000e-3(a); Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

Here, Plaintiff states that she filed a grievance against Warden Rozier for harassment, but does not specify whether she filed a grievance for sexual harassment or some other form of harassment altogether. Thus, it is unclear whether the grievance Plaintiff filed qualifies as "statutorily protected expression." Indeed, the Eleventh Circuit has made it clear that "[u]nfair treatment, absent discrimination based on race, sex, or national origin, is *not* an unlawful

employment practice under Title VII." Coutu v. Martin County Bd. of County Comm'rs, 47 F.3d 1068, 1074 (11th Cir. 1995) (concluding that plaintiff failed to establish *prima facie* case of retaliation where she had submitted grievance with employer that did not involve a complaint of discrimination). In short, Plaintiff has not alleged any facts suggesting that Title VII applies to this claim. Accordingly, Plaintiff has failed to state a Title VII claim for retaliation on the basis that she was terminated for filing a grievance against Warden Rozier for harassment.

### B.     Retaliation Claim Concerning Felicia Gorham

Plaintiff has also attempted to state a Title VII claim for retaliation in her allegation that she was terminated after complaining of a coworker's conduct to Warden Rozier. Plaintiff alleges that a coworker injured her during an altercation outside of work, that she reported the incident to Warden Rozier, that he did nothing to help her, and that she was later terminated. However, Plaintiff does not allege that her termination was causally related to any statutorily protected activity that she engaged in. While she appears to assert that her employment was terminated because she leveled a complaint against Felicia Gorham to Warden Rozier, the basis for that complaint was the fact that she was involved in an altercation with Gorham. (See doc. no. 1, p. 4.) But an altercation between coworkers, absent any element of discrimination, is not a practice made unlawful by Title VII. See Coutu, 47 F.3d at 1074. Thus, her complaint about the incident to Warden Rozier was not statutorily protected activity under Title VII. Accordingly, Plaintiff has failed to set forth allegations sufficient to state a retaliation claim on the basis that she was terminated for complaining of the altercation with her coworker.

## III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's purported claims under the ADA and ADEA, as well as her claims of retaliation under Title VII on the basis that she was terminated for filing a grievance against Warden Rozier for harassment, and on the basis that she was terminated for complaining of the altercation with her coworker, be **DISMISSED**.[3]

SO REPORTED AND RECOMMENDED on this 22nd day of August, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] In a simultaneously filed Order, the Court has directed that service of process be effected upon Defendant based on Plaintiff's claim that she was subjected to a hostile work environment from ongoing sexual harassment by prison inmates.