ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LATISHA FARROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-053 |
| | ) | |
| CCA WHEELER CORRECTIONAL FACILITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 8).[1] Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's purported claims under the Americans with Disabilities Act of 1990 and the Age Discrimination in Employment Act of 1967 are **DISMISSED**. Furthermore, Plaintiffs claims of retaliation under Title VII on the basis that she was terminated for filing a grievance against Warden Rozier for harassment, and on the basis that she was terminated for complaining of the altercation with her coworker, are **DISMISSED**.

---

[1] It has come to the Court's attention that Plaintiff's objections were timely submitted to on September 9, 2011, but because of filing deficiencies identified by the Clerk of Court that needed to be corrected, the objections were not docketed until September 16, 2011. (See doc. entry dated Sept. 9, 2011.)

Plaintiff has also submitted a request for appointment of counsel with her objections. (Doc. no. 9.) However, as a general rule, there is no automatic right to appointed counsel in an employment discrimination case. Hunter v. Dep't of the Air Force Agency, 846 F.2d 1314, 1317 (11th Cir. 1988) (*per curiam*); see also Rizo v. Ala. Dep't of Human Res., 228 F. App'x 832, 834 (11th Cir. 2007) (*per curiam*) (affirming denial of motion to appoint counsel where plaintiff alleged employment discrimination). Rather, the decision to appoint counsel is within the sound discretion of the district court. Hunter, 846 F.2d at 1317. After considering Plaintiff's application for appointed counsel and the legal issues presented by the complaint, the Court finds that an appointment of counsel is unwarranted under these circumstances. Plaintiff's filings evidence an ability to communicate with the Court, and the discrimination charges do not appear to be of a particularly complex nature. Therefore, Plaintiff's motion for appointment of counsel is **DENIED**. Should circumstances in the future warrant the appointment of counsel, the issue will be addressed at that time.

SO ORDERED this 28th day of September, 2011, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE